IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,138-01






EX PARTE JASON MALTINO DAVIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2006-167-C2 IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to two years' imprisonment. 

 Applicant was sentenced on March 28, 2007, and was credited with 224 days of pre-sentence
jail time. He contends, however, that his sentence has not discharged and that he is being illegally
confined. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin and discharge dates; the dates of release, if any, on
parole or mandatory supervision; the dates of revocation, if any; and the loss of time, if any, spent
released on parole or mandatory supervision. The trial court may also order depositions,
interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal
recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant is being illegally confined.
If the trial court finds that Applicant is not, it shall determine whether he has properly exhausted his
administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 17, 2008

Do not publish